## Schwarz Wheel Co. *v*. Wilt, Appellant.

*Contract—Drying lumber—Duty as to care.*

In an action to recover damages for the destruction of lumber delivered to the defendants for the purpose of drying, it appeared that when the lumber was shipped plaintiff wrote to defendants telling them that they were "to use every care in properly drying this material, and prevent all checking or honeycombing. As we understand it you are to take all responsibility of properly drying this birch, and will be responsible if this material is ruined in any way." To this letter defendants replied on the following day: "We expect to use every precaution in properly drying the birch, ......but we do not understand that we are to take all of the responsibility in the properly drying of same, and will not be responsible if any of it does check or honeycomb, otherwise we will shut it right off, and be done with it." The trial judge charged that the letter of defendants did not relieve them from their obligation to dry the lumber in a good and workmanlike manner, and if the injuries shown resulted from the defendants' failure so to do, the plaintiff was entitled to recover. *Held,* that the instruction was proper, and that a judgment and verdict for plaintiff should be sustained.

Argued Oct. 5, 1917. Appeal, No. 85, Oct. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1915, No. 2351, on verdict for plaintiff in case of Schwarz Wheel Co. *v*. John F. Charles and

460, (1917).]        Statement of Facts.

Elmer D. Wilt, Copartners, trading as A. Wilt & Sons. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for destruction of lumber delivered to defendants to dry.

The contract between the parties was based upon the following letters:

"THE SCHWARZ WHEEL CO.
"June 15, 1915.

"A Wilt & Sons,
    "738 N. Front Street,
        "Philada.
"Gentlemen:

"We wish to advise you that we have shipped to your factory 17300 feet of 4″ birch, which according to our telephone conversation you are to thoroughly kiln dry for us at $8.00 per M ft. and are to use every care in properly drying the material and prevent all checking or honey-combing. As we understand it you are to take all responsibility of properly drying this birch and will be responsible if this material is ruined in any way.

"Kindly acknowledge receipt of this letter.
                "Yours very truly,
                    "THE SCHWARZ WHEEL CO.
                    "S. VANCE LOVENSTEIN,
                        "*General Manager.*"

————

"A. WILT AND SONS
                "Philadelphia, June 16, 1915.
"THE SCHWARZ WHEEL CO.,
    "Frankford,
        "Philadelphia.
"Gentlemen:

"In answer to your letter of 15th instant beg to say, we expect to use every precaution in properly drying the Birch to prevent all checking and honey-combing, but we do *not* understand that we are to take *all* the responsi-

462    SCHWARZ WHEEL CO. *v.* WILT, Appellant.

Statement of Facts—Charge of Court below. [68 Pa. Superior Ct.

bility in the properly drying of same, and will *not* be responsible if any of it does check or honey-comb, otherwise we will shut it right off and be done with it.

"If this does not meet with your requirements let us know immediately.

"Yours truly,

"A. WILT & SONS,

"G."

The court charged in part as follows:

[Those letters are simply information as to what passed between the parties. They are not particularly important except as to their indicating what responsibility the defendant took. As I said to you before, the difference between the parties as to what ought to have been done to properly bake or dry the lumber does not seem to be a difference really of any importance. The only question is, therefore, whether the man did do what he undertook to do in a good and workmanlike manner; and we gather from the conversation over the 'phone— and as far as those letters indicate any advantage in fixing what occurred between them, they may be considered also—in other words what Wilt agreed to do he was obliged to do in a good and workmanlike manner. If he did not do it, he is responsible for the result. If he did do it in a good and workmanlike manner, then he is not responsible for the ruined condition. If it was done properly, not kept in the fire longer than it ought to have been, at the request of the plaintiff, that also absolves the defendant from any responsibility.

If that did not take place, it comes back to the main question, whether Mr. Wilt did in a good and workmanlike manner what he undertook to do? Of course more care would be expected from a person who pretended to have more knowledge than one who did not pretend to have knowledge; but after all, it is the common sense of the question, the dispute to be decided here, as to whether Mr. Wilt did in a good and workmanlike manner the work, or whether the injury to the plaintiff's wood

460, (1917).]    Verdict—Opinion of the Court.

was caused by failure of him or his employees to do the thing that they undertook to do in a good and workmanlike manner.]

Verdict and judgment for plaintiff for $1,158.43. Defendant appealed.

*Error assigned* was above instruction quoting it.

*James Collins Jones,* for appellants.

*Samuel K. Louchheim,* with him *Yale L. Schekter,* for appellee.

OPINION BY HENDERSON, J., December 13, 1917:

This transaction arises out of a contract for the drying of lumber. The averment of the statement of claim is that the work was done in so negligent a manner that the lumber was destroyed in the process and it seems not to be disputed that the lumber was spoiled. The defendant alleged that this resulted from the neglect of the plaintiff to take it away from the kiln when notified so to do at a time when, as the defendant alleged, the process of drying was completed. The plaintiff denied that at the time referred to the lumber was dry and the court submitted to the jury with proper instructions the question whether the injury to the lumber was the result of the delay on the part of the plaintiff in removing it from the kilns. Another defense set up was that the defendants were not bound for a skilful performance of the contract but only undertook to do the work according to the best of their knowledge and experience, they never having dried lumber of the thickness of that which the plaintiff sent them. The only assignment of error relates to the charge of the court on this branch of the case. The contract was made over the telephone. When the lumber was shipped to the defendants the plaintiff wrote to the latter informing them of the fact and advising them that they were "to use every care in properly

drying this material and prevent all checking or honey-combing.   As we understand it you are to take all responsibility of properly drying this birch and will be responsible if this material is ruined in any way." To this letter the defendants replied the next day in part as follows: "we expect to use every precaution in properly drying the birch to prevent all checking and honeycombing, but we do not understand that we are to take all the responsibility in the properly drying of same, and will not be responsible if any of it does check or honeycomb, otherwise we will shut it right off and be done with it." The learned trial judge instructed the jury in effect that the letter last quoted did not relieve the defendants from their obligation to dry the lumber in a good and workmanlike manner and if the injury shown resulted from the defendants' failure so to do the plaintiff was entitled to recover.   We are unable to reach a conclusion that there was error in this instruction.   The letter of the defendants is rather a refusal to warrant the work to be done than a denial of their duty to do the work in a proper manner.   They expressly declare their intention to use "every precaution" in properly drying the material and the evidence offered by them tends to show that they not only did this but that the method adopted was that generally practiced in the drying of lumber. Having undertaken the work the defendants were obligated to exercise such skill as was reasonably requisite and if as claimed by the plaintiff the process of drying was negligently carried on nothing in the contract would relieve the defendants from the consequence of such negligence.   We do not find error in the charge which would sustain a reversal.

The judgment is affirmed.